## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

MARK A. KILE, on behalf of himself
and others similarly situated,

    Plaintiffs,

v.                                          CASE NO: 5:16-CV-124-JSM-PRL

SOUTHEAST MILK, INC. and
STEVE KENNEDY,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Southeast Milk, Inc. and Steve Kennedy's Motion to Dismiss Plaintiff's Complaint (Dkt. 5) and Plaintiff's Memorandum in Opposition (Dkt. 6). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

Plaintiff Mark A. Kile brought the instant action against Defendants for overtime wages under the Fair Labor Standards Act ("FLSA") and unpaid wages under Florida common law.[1] Plaintiff alleges that, from 2007 through January 25, 2016, he was employed at Defendant Southeast Milk, Inc. in various positions, most recently as a dispatcher, and that

---

[1] The complaint was originally filed in Florida state court. Defendants removed the action on March 8, 2016 (Dkt. 1).

Southeast Milk failed to pay him overtime compensation in violation of the FLSA. Plaintiff also alleges that he is entitled to unpaid wages under Florida law.

Defendants move to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff does not allege sufficient facts in support of his claims. The Court disagrees; the Court concludes that Plaintiff's claims are sufficiently pled.

As Plaintiff points out in his response, "the Eleventh Circuit has held that the requirements to state a claim of a FLSA violation are straightforward." *Vestey v. Publix Super Markets, Inc.*, No. 8:13-cv-2281-T-30TBM, 2013 WL 5929061, at *2 (M.D. Fla. Nov. 1, 2013) (citing *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008)). It is sufficient for a plaintiff to allege "simply a failure to pay overtime compensation . . . to covered employees, and/or failure to keep payroll records in accordance with the Act." *Labbe*, 319 F. App'x at 763.

Plaintiff alleges that he was Southeast Milk's employee, that Southeast Milk is a covered enterprise, that Plaintiff engaged in interstate commerce, that Plaintiff worked in excess of forty hours per week, that Southeast Milk failed to pay him at one and one half his regular hourly rate for all hours worked in excess of forty hours in a work week, and that Southeast Milk failed to maintain Plaintiff's time records. These allegations are sufficient to state a claim under the FLSA. Defendants' arguments to the contrary are without merit.

Plaintiff also sufficiently alleges a claim for unpaid wages under Florida law. Specifically, Florida recognizes a common law claim for unpaid wages. *See Perez v. Mediglez Wellness Ctr., Inc.*, No. 8:12-cv-2751-T-33EAJ, 2013 WL 5566183, at *4 (M.D. Fla. Oct. 8, 2013) (discussing same). And it is sufficient to allege that Plaintiff earned wages

during his employment at Southeast Milk that remain unpaid.  *See id.*

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants Southeast Milk, Inc. and Steve Kennedy's Motion to Dismiss Plaintiff's Complaint (Dkt. 5) is denied.

2. Defendants shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on May 19, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\OCALA\2016\16-cv-124 m2dismiss 5 deny.wpd